UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-24259-WILLIAMS/GOODMAN

BRENDA ARMBRUST,

    Plaintiff,

v.

CARNIVAL CORPORATION,
CARNIVAL PLC and HAL
PROPERTIES, LIMITED

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS**

Brenda Armbrust ("Armbrust" or "Plaintiff") was a passenger on the *Carnival Dream* ("*Dream*"), a Carnival Corporation ("Carnival" or "Defendant") cruise ship. According to her Complaint,

> [she] disembarked the vessel to take advantage of and participate in the activities and amenities offered by Carnival (at Half Moon Cay, a private port stop island Carnival uses in The Bahamas). During the morning hours, on or about November 8, 2023, [ ] Plaintiff was walking on a designated concrete pathway. Plaintiff was **required to step off the designated pathway** to make her way to the beach area. Unbeknownst to [ ] Plaintiff there was a **hole adjacent to the concrete pathway** which her foot slipped into. The subject hole was **not open or obvious and there were no warning signs** present to have alerted [ ] Plaintiff to [the] dangerous and hazardous condition[s].

[ECF No. 1, ¶¶ 27–28 (emphasis supplied)].

Plaintiff also alleges that:

> 23. [Carnival and the other Defendants] are aware that many of Carnival's passengers are elderly and/or have mobility issues. Defendants are also aware of the importance of maintaining safe walkways for areas where passengers, including [ ] Plaintiff, are invited to use. Defendants are aware that improper inspection and/or maintenance of walking areas, creates hazardous conditions if not properly executed leads [sic] to more injuries, including the very injury suffered by [ ] Plaintiff.
>
> 24. Defendants are aware that passengers, including [ ] Plaintiff, are **required to step off the designated concrete pathways, in order to gain access to the beach areas**.

*Id.* at ¶¶ 23–24 (emphasis added).

As further background for all of her counts, Plaintiff also alleges the following:

> Prior to the subject incident[,] [ ] Defendants **knew or should have known** of the dangerous conditions which caused [ ] Plaintiff's incident as a result of: (1) Defendants having employees, agents and representatives, **patrolling** Half Moon Cay, The Bahamas, to ensure the walkways and paths to the beach are in proper condition and reasonably safe for passenger use; (2) Defendants' employees, agents and **representatives inspect and patrol the walkways and paths** to the beach **prior to passengers disembarking** the vessel to come ashore to use the amenities at Half Moon Cay, The Bahamas; (3) prior to and/or at the time of [ ] Plaintiff's injury producing incident, Defendants' employees, agents and representatives where in the area and observed, or should have observed, the hazardous conditions, and/or (4) **prior similar incidents** occurring at Half Moon Cay, The Bahamas. *See, Simpson v. Carnival*, Case No. 20-25253-Civ-Scola (S.D. Fla. 2021) (slip and fall at Half Moon Cay); *Moseley v. Carnival*, Case No. 1:20-cv-20419-KMM (S.D. Fla. 2020) (slip and fall at Half Moon Cay on an uneven surface); and *Manukian v. Carnival*, Case No. 1:15-cv-21437-UU (S.D. Fla. 2015) (slip and fall at Half Moon Cay from an unreasonable change in elevation).

*Id.* at ¶ 25 (emphasis added).

Alleging physical, emotional, and economic injuries, and seeking compensatory damages, Plaintiff filed this action. The Complaint is divided into three counts: Count I is for negligent failure to warn; Count II is for negligent failure to maintain; and Count III is for "general" negligence.

All three counts are for direct liability negligence; none of them assert vicarious liability. Therefore, Plaintiff must sufficiently allege actual notice and/or constructive notice of the purportedly dangerous condition. More on this later, in the legal standards and analysis section.

Defendants collectively filed a motion to dismiss, Plaintiff filed a response and Defendants filed a reply. [ECF Nos. 12; 17; 22].[1] United States District Judge Kathleen M. Williams referred the motion to the Undersigned for a report and recommendations. [ECF No. 14].

Carnival's motion is based on one over-arching ground: Plaintiff failed to adequately allege that Carnival was **on notice** of the purported dangerous condition. Carnival's primary argument is broken out into several sub-arguments: (1) Plaintiff's claims are "rife with conclusory statements;" (2) the allegations of notice are insufficient because patrolling, inspecting and maintenance are too general to meet the notice

---

[1] The Undersigned will use "Carnival" to refer to all three Defendants. In the reply, Carnival contends that Carnival PLC and HAL Properties Limited are "improperly named Defendants in this lawsuit" but notes that the memorandum is filed on behalf of all three Defendants. [ECF No. 22, p. 1, n.1]. The dismissal motion, however, does not assert any specific arguments about the improper naming of those two defendants.

3

pleading requirement; (3) the detail-free, fact-lacking notice allegations merely recite the elements of a cause of action; (4) the allegation that the so-called dangerous condition existed for a "sufficient length of time" is insufficiently conclusory; and (5) the prior incidents which Armbrust alleged are too vague and conclusory to show that they were sufficiently similar to demonstrate that they put Carnival on notice of the dangerous condition.

For the reasons outlined below, the Undersigned **respectfully recommends** that Judge Williams **grant (albeit <u>without prejudice</u>)** Carnival's motion but permit Plaintiff to file an amended complaint.[2]

## I. Factual Background (*i.e.*, Plaintiff's Allegations)

As noted, Carnival's sole challenge to the Complaint focuses on notice (*i.e.*, a failure to have adequately alleged notice). Given this reality, the Undersigned will quote the critical allegation (made, in verbatim fashion, for all three counts) concerning notice.

The following allegations in the Complaint concern **all** three counts:

> 35.  At all times material hereto, Defendants **knew or should have known** of the foregoing conditions causing the subject incident and did not

---

[2] Plaintiff's response to the motion to dismiss includes a section entitled "Incorporated Motion to Amend," in which she requests leave to amend the Complaint if the Court were to grant Carnival's motion in whole or in part [ECF No. 17, p. 13]. She notes that she is "unable to predict the Court's ruling" and explains that she is therefore unable to attach any proposed amended pleading to try and remedy any claim the Court may deem to have been inadequately pled. *Id.* This is a common-sense, practical, and logical point, and the Undersigned does not expect her to have already submitted a proposed amended complaint when she is unaware of which sections need to be amended.

> correct them, or the conditions **existed for a sufficient length of time** so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to the conditions that Defendants did not create, Defendant's [sic] **knowledge was or should have been acquired** through its [sic] **maintenance and/or inspections** of the subject area and/or **prior incident(s)** involving slips and falls due to unreasonably dangerous situations at the subject area.

[ECF No. 1, ¶ 35 (emphasis added)]; *see also*, *id.* at ¶¶ 42 (same); 35 (same).[3]

## II.  Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

---

[3]  Plaintiff misnumbered some of the allegations in her Complaint. She goes from paragraph 46, on page 11, to paragraph 34, on page 12. The allegation about notice is, in fact, included in each of the three counts, but the final repetition should have been in a paragraph numbered 48 (rather than paragraph 35).

678.

On a motion to dismiss, "the court must accept all factual allegations in a complaint **as true** and take them in the light most favorable to [the] plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (emphasis added).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not "require that a plaintiff specifically plead every element of a cause of action." *Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196, 2009 WL 8659594, at *6 (S.D. Fla. Sept. 14, 2009) (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), which, in turn, cited Jack H. Friedenthal, *et al.*, Civil Procedure, § 5.7 (2d ed. 1993) for the view that "[w]hat the pleader need not do is worry about the particular form of the statement or that it fails to allege a specific fact to cover every element of the substantive law involved").

**III.    Analysis**

As noted above, Carnival moves to dismiss the Complaint in its entirety, based on a purported failure to allege notice.

To properly plead a negligence claim under the general maritime law of the United States, a plaintiff must allege that: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Moreover,

>  the benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, **a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition**, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure. [Carnival]'s liability thus hinges on whether it knew or should have known about the [dangerous condition].

*Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) (emphasis added).

To survive a motion to dismiss, a plaintiff must plead sufficient facts to support each element of his **direct liability** negligence claims (as opposed to vicarious liability), including that the defendant had "actual or constructive *notice* of [a] risk-creating condition[.]" *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (emphasis added); *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212 (2022).

Here, the Complaint attempts to plead notice by alleging that: (1) the conditions existed for a sufficient length of time for Carnival to have learned of them and corrected them; (2) inspections and monitoring and patrolling the area by employees would have generated the requisite knowledge; and (3) prior incidents "involving slips and falls due to unreasonably dangerous conditions at the subject area" would have put Carnival on notice.

The Undersigned agrees with Carnival's assessment that critical portions of the Complaint are unduly conclusory or irrelevant. For example, Plaintiff alleges Defendants are aware that many of the passengers are "elderly and/or have mobility issues." [ECF

7

No. 1, ¶ 23]. However, Plaintiff does not allege anywhere in the Complaint that *she* is elderly or has mobility issues. This allegation, therefore, is an inapplicable and conclusory statement.

In her Response, Plaintiff alleges "Defendants were aware that many of [ ] Defendants' passengers, such as Mrs. Armbrust, are elderly or have mobility issues[.]" [ECF No. 17, p. 6]. This allegation referencing Plaintiff being elderly or having mobility issues is the first time Plaintiff raises this allegation. Courts within this Circuit have held that a litigant cannot supplement his or her pleadings in a response to a motion to dismiss. *Brown v. J.P. Turner & Co.*, No. 1:09-cv-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011) (noting that it is "plainly inappropriate" to raise allegations for the first time in response to a motion to dismiss (citations omitted)); *Bruhl v. PriceWaterhouseCoopers Int'l*, No. 03-23044, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss). Ultimately, Plaintiff is improperly attempting to amend the Complaint by asserting new facts in the response. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Therefore, the Undersigned will not consider this new allegation in ruling on Carnival's Motion.[4]

---

[4] If Plaintiff were to file an amended complaint, then she may, if accurate, assert allegations about her age and whether she has (or had, at the time of the incident) mobility issues.

8

As noted, Plaintiff alleges that Carnival was on notice of the dangerous condition through its patrolling, inspecting, or maintenance. [ECF No. 1, ¶¶ 25, 35, 42]. This argument alone is also insufficient to establish constructive notice. Specifically, there are no facts in the Complaint that even minimally describe what the alleged inspection, patrol, or maintenance involved. Likewise, there is no allegation that a Carnival employee performing these inspections, patrols, or maintenance actually observed the same conditions (a hole in the ground, near where the sidewalk ends and the beach begins) which Plaintiff asserts caused the damages in this case.

Merely alleging that Defendants should have detected the presence of a dangerous condition is insufficient to plead notice. Courts in this District consistently hold that such generalized notice allegations regarding cruise lines' "inspections" and maintenance are insufficient to establish notice. *See Bencomo v. Costa Crociere S.P.A. Co.*, No. 10-62437-CIV, 2011 WL 13175217, at *3 (S.D. Fla. Nov. 14, 2011) (rejecting the argument that "the defendant must have known of the dangerous condition because the defendant regularly maintained the area"), *aff'd*, 476 F. App'x 232 (11th Cir. 2012); *see also Baker v. NCL Am., LLC*, No. 1:19-CV-24442-JLK, 2020 WL 4696578, at *2 (S.D. Fla. Jan. 24, 2020) (dismissing the plaintiff's complaint as the plaintiff's notice allegations concerning regular cleaning were conclusory and not allegations of fact).

The conclusory allegations are, in effect, a mere "recitation of the elements of a cause of action" which do not suffice under Rule 8's pleading standards. *See Thompson v.*

9

*Carnival Corp.*, 174 F. Supp. 3d 1327, 1341 (S.D. Fla. 2016) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

In her Response [ECF No. 17, p. 9], Plaintiff relies on *Aponte v. Royal Caribbean Cruise Lines Ltd.*, 739 F. App'x 531, 536 (11th Cir. 2018), where a crewmember was supposedly standing at a nearby sink when the plaintiff slipped and fell on a puddle of soap. The *Aponte* Court found that a reasonable factfinder could conclude that the defendants knew, or should have known, about the puddle of soap due to the crewmember's presence. *Id.* But *Aponte* is not persuasive here.

Armbrust alleges the existence of an employee being in the vicinity of the subject area, but she does not allege any facts about the alleged inspection, patrol, or maintenance, such as whether one or more Carnival employees actually observed the purported dangerous condition or how an employee would have noticed it.

To be sure, Plaintiff alleges, in a conclusory way, that Carnival employees were "in the area and observed, or should have observed, the hazardous conditions." [ECF No. 1, ¶ 25].[5] But the conclusion she wants to draw (*i.e.*, that Defendants were therefore aware of the danger) is speculative and courts in our District routinely reject the theory. *See*

---

5   In its Reply, Carnival incorrectly contends that Plaintiff's Complaint does not allege that a Carnival employee was in the vicinity of the subject area. [ECF No. 22, p. 6]. In fact, it highlights this attack, putting the following in bold font: "**there are no such allegations in her Complaint**." *Id.* (emphasis in original). Carnival then asks the Court to not consider Plaintiff's allegation because, it says, she is "improper[ly] supplementing her Complaint." *Id.* But, as noted, she *did* make this allegation in her Complaint, albeit in a generic, vague, and conclusory way.

10

*Fawcett v. Carnival Corp.*, No. 23-21499-CIV, 2023 WL 4424195, at *3 (S.D. Fla. July 10, 2023) (plaintiff's reference to the defendant's inspection schedule and cleaning policies, without any additional facts to clarify what these policies are or how their implementation would have created notice, was insufficient to allege notice); *see Cisneros v. Carnival Corp.*, No. 1:19-cv-24155, 2020 WL 376695, at *2 (S.D. Fla. Jan. 23, 2020) (finding reference to the defendant's "maintenance and/or inspections of the subject area[,]" with nothing more, insufficient to plead notice (alteration added)); *see also Patton v. Carnival Corp.*, No. 22- 21158-CIV, 2022 WL 2982699, at *2 (S.D. Fla. July 28, 2022) ("Here, [the plaintiff] appears to allege that the presence of the cleaning staff alone is sufficient to state a claim that Carnival was or should have been on notice. But [plaintiff] does not allege how or why the staff that allegedly cleans the relevant area every day would observe and recognize the potential danger of a metal threshold that was not flush to the floor.").

Similarly, Plaintiff's allegation that the dangerous condition existed for a "sufficient length of time" [ECF No. 1, ¶¶ 35, 42] are also inadequate to sufficiently alleged notice. This is not a factual allegation; it is entirely conclusory. Complaints relying on this very boilerplate allegation are regularly dismissed as insufficient. *See*, *e.g.*, *Holland*, 50 F.4th at 1096; *Newbauer v. Carnival Corp.,* 26 F.4th 931, 936 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212 (2022); s*ee also Kendall v. Carnival Corp*., No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023) (noting that the plaintiff's theory of constructive notice failed because there were no factual allegations regarding how long this condition

allegedly existed before the incident).

Nevertheless, Plaintiff's Complaint does not allege any facts about the specific length of time during which the dangerous condition had existed.

Concerning a different aspect of Carnival's challenge, Plaintiff's prior incidents listed in her Complaint are also insufficient to allege constructive notice -- *i.e.*, that Defendants knew or should have known of the subject dangerous condition. *Zhang v. Royal Caribbean Cruises, Ltd.* is instructive on this issue. In that case, the Court emphasized that the alleged prior incidents must have some connection to the plaintiff's case -- and that the plaintiff must include facts that establish how the cruise line became aware of those incidents such that they would have been on notice of a dangerous condition. No. 19-20773-CIV, 2019 WL 8895223, at *4 (S.D. Fla. Nov. 15, 2019).

The plaintiff in *Zhang* provided **ten** accidents in his complaint to support allegations that the cruise line was on notice of the alleged dangerous condition. *Id.* However, the Court found that the incidents listed did not actually provide any information that would show how the incident put the cruise line on notice. *Id.* Thus, the negligence claim was insufficient and was dismissed. *Id.*

Similar to the plaintiff in *Zhang*, Plaintiff's Complaint provides only minimal detail as to where these incidents occurred (namely, Half Moon Cay), but fails to provide how these incidents put Defendants on notice. [ECF No. 1, ¶ 25]. For instance, Plaintiff provides vague and conclusory information as to the risk-creating conditions in the other

cases. The only detail Plaintiff provides in relation to the incident is that there was an uneven surface or unreasonable change in elevation. *Id.* However, there are various different types of uneven surfaces or unreasonable changes in elevation. Were the uneven surfaces/changes in elevation a *hole*, as alleged in this case? Did they occur on or near the same sidewalk as alleged by Plaintiff? These types of factual allegations are completely absent from Plaintiff's Complaint.

A review of the online dockets of the three cases cited by Plaintiff reveals that none of the cases regard a hole next to a walkway or occurred in the same area. *Id*. Therefore, as in *Zhang*, the list of incidents does not support Plaintiff's claim that Defendants knew or should have known about the alleged dangerous condition. *Zhang,* 2019 WL 8895223, at *4; *see also Kendall*, 2023 WL 8593669, at *3; *Holland,* 50 F.4th at 1096 (finding that plaintiff's barebone allegations regarding prior slip and fall incidents was insufficient to establish notice and did "not cross the line from possibility to plausibility of entitlement to relief"); *Polanco v. Carnival Corp.*, No. 10-21716, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (dismissing complaint as general conclusory allegations regarding prior incidents were insufficient to put Carnival on notice of the alleged risk-creating condition).

*Kendall* is instructive. In *Kendall*, the Court granted Carnival's motion to dismiss based on the plaintiff's **failure to link other incidents to the specific area or vessel**. 2023 WL 8593669, at *3 (holding that the plaintiff's vague assertions about incidents on entirely different vessels would "constitute a great deviation from Eleventh Circuit precedent requiring a plaintiff to show substantially similar accidents to the one at issue to demonstrate constructive notice").[6]

Carnival argues that "[a]s in *Kendall*, Plaintiff failed to plead sufficient facts or circumstances to demonstrate how these incidents establish that Carnival was on notice of the risk-creating condition specific to the subject area or vessel." [ECF No. 20, p. 11].

It is, of course, well established that "a plaintiff can [demonstrate] constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)). "The substantial similarity standard does not require identical factual circumstances among the accidents; instead, the accidents must only be 'similar enough to allow the jury to draw a reasonable inference' regarding the cruise ship operator's ability to foresee the accident at hand." *Kendall*, 2023 WL 8593669,

---

[6]   The *Kendall* Court dismissed the complaint without prejudice and with leave to amend. 2023 WL 8593669, at *4. The plaintiff filed an amended complaint, followed by a second amended complaint, and the case then settled. *See* [ECF Nos. 19; 35; 48; 49 in Case No. 1:23-CV-22921-KMM].

14

at *2 (quoting *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *4 (11th Cir. Apr. 25, 2022)).

For a plaintiff to adequately plead notice based on substantially similar incidents, the complaint must include enough allegations "to plausibly plead that [the] [d]efendant had notice of the dangerous condition." *Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1111 (S.D. Fla. 2023).

In *Fawcett*, the district court found that the plaintiff adequately *had* alleged the existence of prior similar incidents because his complaint:

> identifie[d] numerous slip-and-fall events, including "fall incidents on wet flooring in the Lido Marketplace dining area on the Lido Deck" of the *Breeze* — a vessel of the same class as the *Magic* — and slip and fall incidents specifically on "wet or slippery areas of the Lido Deck" of the *Magic*. [The] [p]laintiff also list[ed] specific dates and cite[d] cases associated with [the] incidents. These factual allegations push[ed] [the] [p]laintiff's claims beyond mere conclusory recitals. *See Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1263–65 (S.D. Fla. 2022) (finding the plaintiff adequately pleaded notice where he alleged 15 prior substantially similar incidents).

*Id.* (record citations omitted).

Turning to the three incidents cited in the Complaint [ECF No. 1, ¶ 25], the Court can easily conclude, through judicial notice,[7] that those incidents are not sufficiently similar to the incident at issue here:

---

[7]  Pursuant to Federal Rule of Evidence 201, the Court "may take judicial notice of the contents of its own files." *In re Hilsman*, 351 B.R. 209, n.5 (Bkrpt. N.D. Ala. 2006) (citing *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 344, n. 2 (5th Cir. Unit B July 1981) ("a court may, however, take judicial notice of its own records or of those of inferior courts"); *Fla. v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975)). *See generally NLG*,

15

1.   In *Simpson v. Carnival*, Case No. 20-25253 (S.D. Fla. 2020), the complaint alleged that, on January 8, 2020, "[i]n the walkway exiting the tender boat area, Carnival allowed a foot wash to exist in the foreseeable walking path of cruise passengers. The foot wash featured raised barriers which protruded into the walkway exiting the tender boat. [The] [p]laintiff, who was making her first visit to the island, did not know that this foot wash was present in the walkway. Carnival did know or at least should have known about the foot wash barriers which protruded into the walkway because Carnival regularly visited the island." [ECF No. 1, ¶¶ 34–36 in Case No. 20-25253]. Other than the fact that the slip and fall occurred on Half Moon Cay, there is nothing at all similar about that incident and Plaintiff's alleged incident here.

2.   In *Moseley v. Carnival*, Case No. 1:20-cv-20419 (S.D. Fla. 2020), the plaintiff alleged [ECF No. 1, ¶ 17 in Case No. 1:20-cv-20419] that he "tripped and fell on an uneven plank deck surface" on Half Moon Cay." The "deck was located directly in front of and attached to a building where shades, and other equipment, was available for rent." *Id.* at

---

*LLC v. Selective Advisors Grp., LLC,* No. 18-21398, 21021 WL 4990807 (S.D. Fla. May 13, 2021), at *1 (noting that a court may take judicial notice of public records, "such as a pleading filed in another court," and taking judicial notice of 25 documents "filed in various state and federal courts in New York and Florida"). *Cf. United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal citations and quotation marks omitted) ("[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings."). Here, the Undersigned is merely taking judicial notice of the allegations asserted in the purportedly similar cases which Plaintiff cited in her Complaint.

¶ 18. Similar to the first inapplicable case (*i.e.*, *Simpson*), the mere fact that the slip and fall occurred on the same island is the only factor alleged to be in common with the facts here.

3.  In *Manukian v. Carnival*, Case No. 15-cv-21437 (S.D. Fla. 2015), the plaintiff's amended complaint alleged the following: "[The] [p]laintiff was transported to the island on the Carnival tender and used the **stairs** described above to access the beach at Half Moon Cay. The plaintiff proceeded down the **stairs** in a normal fashion. When the plaintiff reached the ground level after the last step, she stepped on the **hidden poured concrete or rock** which caused her to twist her foot and ankle and therefore lose her footing and fall forward. The plaintiff fell onto the sand, face first. The plaintiff was unable to brace her fall because Carnival failed to ensure that the **railing** located on the stairs actually **reached the bottom** of the flight of stairs." [ECF No. 28, ¶ 33 in Case No. 15-cv-21437 (emphasis supplied)].

Other than the fact that the incident occurred on Half Moon Cay, the *Manukian* incident, which involved stairs, an allegedly defective railing, and concrete (or a rock) at the bottom of the stairs, has nothing in common with the incident at issue here.

Given the striking dissimilarities between this case and the supposed three prior similar incidents, Plaintiff cannot use any of those incidents to allege constructive notice through a prior incident theory. *See, e.g., Jones v. Carnival Corp.*, No. 1:23-CV-23690, 2024 WL 3383979, at *4 (S.D. Fla. July 9, 2024) ("Because [the] [p]laintiff has not sufficiently alleged that the incidents giving rise to these three cases occurred under similar

circumstances or shared the same cause, and **because the incidents in fact occurred under very different circumstances with different causes**—with the first incident caused by a tender shuttle traveling at a high speed and hitting a wave, the second incident caused by a slippery deck, and the third incident caused by a steep stairwell and blocked handrail—**[the] [p]laintiff has not sufficiently alleged that the previous and instant incidents are substantially similar**." (emphasis added)).

Because Plaintiff failed to allege actual notice and failed to adequately allege constructive notice, her negligence claim fails and the Complaint should be **dismissed**, albeit **without prejudice**, and **with leave to amend**.

### IV.   Conclusion

The Undersigned **respectfully recommends** that Judge Williams **grant** Carnival's motion to dismiss, **without prejudice**, and **with leave to amend**.

### V.   Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, March 6, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record